IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| FARID ZAMANZADA,<br><br>                Plaintiff,<br><br>vs.<br><br>JULIA A. CLAYTON, CLAYTON RECOVERY SERVICES, LLC, and OLD REPUBLIC SURETY COMPANY,<br><br>                Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:10-CV-711-TC |

In this Federal Debt Collection Practices Act (FDCPA or Act)[1] case, the Defendants have filed a motion for summary judgment seeking dismissal of the claims brought by Plaintiff Farid Zamanzada. Defendants contend that the monetary obligation they are attempting to collect is not a "debt" for purposes of the FDCPA, so Plaintiff's complaint fails as a matter of law.

## MATERIAL FACTS

Following divorce proceedings between Mr. Zamanzada and his ex-wife, his ex-wife incurred attorneys' fees in her attempt to collect child support from Mr. Zamanzada. The divorce court ordered him to pay, as part of a judgment in the child support matter, approximately $7,500.00 of those attorneys' fees.

---

[1] 15 U.S.C. §§ 1692-1692p.

Defendants have been attempting, unsuccessfully, to collect the fees from Mr. Zamanzada. He alleges that the collection efforts violated his rights under FDCPA sections 1692e and 1692f of the Act.[2]

There is no genuine dispute about the material facts. The question before the court is whether, as a matter of law under the facts established by Mr. Zamanzada, the FDCPA applies here.[3]

## ANALYSIS

The Defendants contend that the court does not have subject matter jurisdiction over Mr. Zamanzada's FDCPA claims because he has not met the threshold requirement that the $7,500.00 monetary obligation is a "debt" as defined by the Act. "Because not all obligations to pay are considered debts under the FDCPA, a threshold issue in a suit brought under the Act is whether or not the dispute involves a 'debt' within the meaning of the statute." Turner v. Cook, 362 F.3d 1219, 1226-27 (9th Cir. 2004); see also Brown v. Child Support Advocates, 878 F. Supp. 1451, 1454 (D. Utah 1994) (FDCPA "was designed to remedy abusive collection practices specifically in the consumer context, despite the fact that those same practices might exist in other contexts.").

---

[2]The FDCPA prohibits a debt collector from making "false and misleading representations," 15 U.S.C. § 1692e, and from using "unfair practices" to collect the debt, 15 U.S.C. § 1692f.

[3]A moving party is entitled to summary judgment if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

> FDCPA defines "debt" as:
>
> any obligation or alleged obligation of a <u>consumer</u> to pay money arising out of a transaction in which the money, property, insurance, or <u>services</u> which are the subject of the transaction are <u>primarily for personal, family, or household purposes</u>, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5) (emphasis added). Pointing to the definition of "debt," the Defendants maintain that the FDCPA does not apply because the debt is an obligation to pay child support, and courts have held that such an obligation is not a "debt." See, e.g., Brown v. Child Support Advocates, 878 F. Supp. 1451, 1454 (D. Utah 1994) (holding that a child support obligation is not a "debt" under the FDCPA); Mabe v. G.C. Servs. Ltd. P'ship, 32 F.3d 86, 88 (4th Cir. 1994) (holding that child support obligation is not a "debt" because it was "not incurred to receive consumer goods or services").

The court finds that the Defendants' ultimate conclusion—that Mr. Zamanzada does not owe a debt subject to the FDCPA—is correct, but for slightly different reasons than they advocate in their briefs. Technically, the attorneys' fees were part of a child support judgment by the court. (Mr. Zamanzada has satisfied his child support obligation but he still owes the attorneys' fees.) Even though the fees were imposed through the state court judgment in a child support matter, the court is not convinced that the attorneys' fees should be grouped into the category of child support obligations. To determine whether a monetary obligation is covered by the FDCPA, the court must look "not [at] the form of the obligation but whether the debt, regardless of form, arose from a consumer transaction." Polanco v. NCO Portfolio Mgmt., Inc., 930 F. Supp. 2d 547, 551 (S.D.N.Y. 2013).

Certainly the fees were initially incurred as part of a consumer transaction (services of an

3

attorney). Mr. Zamanzada concludes that, because his ex-wife asked him to help pay the fees because she could not afford to do so herself, the fees for which he is responsible were the result of a consumer transaction entered into primarily for family purposes. He misses the point. The fees were not incurred by him for services he purchased. Mr. Zamanzada was not the consumer. His ex-wife was. Instead, in his situation, the state court ordered him to pay the fees as part of the court judgment. This was not the result of a consensual business transaction. See Turner v. Cook, 362 F.3d 1219, 1228 (9th Cir. 2004) (finding that a consumer transaction in FDCPA does not include a court judgment in a tort case and citing similar holdings in the Third Circuit and Eleventh Circuit).

In Beal v. Himmel & Bernstein, LLP, the district court for the Southern District of New York addressed a very similar issue:

> [Plaintiff] argues that the fees owed by the plaintiff's ex-wife to her attorney are a consumer debt under the FDCPA because they were incurred in exchange for her attorney's services. Bootstrapping, he contends that his own court-ordered obligation to pay those attorneys' fees must also be a consumer debt within the meaning of the FDCPA.
>
> Plaintiff completely misconstrues the issue. The character of plaintiff's ex-wife's obligation to her attorney matters not. The only question of relevance is the character of the obligation owed by the plaintiff. His obligation is not a consumer debt within the meaning of the FDCPA because it did not arise out of any consumer transaction in which he engaged.

615 F. Supp. 2d 214, 217 (S.D.N.Y. 2009).

The same logic applies here. Whether the court considers the debt to be the overall court judgment, the child support obligation, or the attorneys' fees obligation, it reaches the same conclusion: the monetary obligation the Defendants are attempting to collect is not subject to the FDCPA.

Because the court does not have subject matter jurisdiction, Defendants' Motion for Summary Judgment (Docket No. 11) is GRANTED. The Clerk of the Court is hereby directed to close this case.

SO ORDERED this 7th day of October, 2013.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge